## William Gibson, Appellee, v. Isaac C. Lafferty, Appellant.

1. ASSUMPSIT—*when verdict justified.* In an action for the value of corn where plaintiff, who rented defendant's farm and paid as rent one-half the corn, consented to have defendant sell his corn and defendant sold it with that of another tenant and the purchaser refuses to settle with plaintiff and defendant refuses to settle with the purchaser when requested by plaintiff, there is sufficient evidence, to sustain a verdict for plaintiff.

2. INSTRUCTIONS—*when based on evidence which is denied.* An instruction based on evidence introduced by plaintiff is not erroneous because the evidence is denied by defendant.

3. INSTRUCTIONS—*directing verdict.* An instruction directing a verdict which omits a material theory of the case upon which plaintiff is entitled to recover is properly refused.

4. INSTRUCTIONS—*properly refused when misleading.* In an action to recover for the value of corn, where defendant, plaintiff's landlord, commingled plaintiff's corn with other corn and sold it, an instruction that before plaintiff can recover for the failure of defendant to settle for the corn he must prove that the purchaser after defendant was told to settle for the corn was ready, able and willing to pay for the corn, subject to a dock, is misleading and properly refused since it may refer to all of the corn defendant sold.

Appeal from the Circuit Court of De Witt county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 18, 1913. Rehearing denied April 18, 1913.

INGHAM & INGHAM and JOHN FULLER, for appellant.

HERRICK & HERRICK, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is a suit in *assumpsit* brought by William Gibson against Isaac C. Lafferty to recover the value of 1,342 bushels of corn. The pleadings are the common counts and the general issue. The plaintiff recovered a verdict and judgment for $708.56, and the defendant appeals.

The evidence discloses that appellee occupied a farm as tenant of appellant. The terms of the lease were that appellee was to pay as rent one half of the corn, raised on the farm, delivered in the market. In the fall of 1909, the corn was husked by appellee and placed in a crib on the premises. In the latter part of November appellant told appellee that he wanted to sell the corn, that he could get fifty cents per bushel for it, and appellee told him if he thought fifty cents was a good price to go ahead and sell it as partnership corn.

Appellant had another tenant, his son W. I. Lafferty, who also had some corn for sale. Appellant sold the corn that was raised by appellee together with the corn of his son amounting to 6,000 bushels in his own name, to grain dealers named Pletsch. Appellee had no notice that his corn was commingled with that of W. I. Lafferty or that it was sold in the name of appellant. When the last two loads of corn raised by appellee were being delivered, Pletsch objected to the quality of the corn and told Gibson that the corn would have to be docked; appellee replied that the corn was not sold to stand grade and Pletsch said that appellee had nothing to do with it, that it was Lafferty's corn. After the corn was delivered appellee went to the purchasers to get his money and was told he had nothing to do with it that the corn had been sold in Lafferty's name.

Appellee and the two Lafferty's within a day or two went to the purchasers to settle for the corn, the grain buyers wanted to dock the corn four cents a bushel, but offered to settle at a dock of two cents. Appellant refused to accept the price offered by the grain buyers and no settlement was made. Three weeks after the delivery of the corn appellee went to appellant and told him he had lost his oats, and he could not afford to lose his corn and for appellant to go and settle for appellee's part of the corn less the dock. Appellant refused to do that and brought suit in his own name against the grain buyers to recover the value of all the corn. Before the suit was tried appellee again asked appellant to settle with the grain buyers. Ten months after the delivery of the corn one of the grain buyers was adjudged bankrupt. The financial condition of the other is not disclosed by the evidence except as it may be inferred from the fact that appellant has not collected the money due for the corn.

The evidence shows that appellant did not sell the corn as he was directed to, but appropriated it to himself, and commingled it in the sale with other corn in which appellee was in no way interested. It also shows that the sale was made in such a way that appellee was deprived of all right to collect for his corn from the purchaser, and that appellant refused to make a settlement on the terms suggested by appellee and offered by the grain buyers. The verdict and judgment are sustained by the evidence.

It is insisted that there was error in some of appellee's given instructions because there was no evidence on which to base them. Counsel state that the evidence on which they were based was denied by appellant. The fact that the evidence of appellee was denied by appellant does not furnish a reason for refusing the instruction. Appellant's statement furnishes the answer to his contention.

It is also insisted that the court erred in refusing appellant's first and second refused instructions. The

first refused directed a verdict and omitted a material theory of the case upon which appellee was entitled to recover. It also appears that the instruction printed in the abstract and brief is not in the record. The second refused instruction is to the effect that before appellee can recover for the failure of appellant to settle for the corn, he must prove that the purchaser, after appellant was told to settle for the corn was ready, able and willing to pay for the corn subject to the dock. If the purchaser was able and ready to pay for the corn in which appellee was interested that was sufficient without any reference to the corn of appellant's son. The instruction was misleading and there was no error in refusing it. Finding no reversible error in the case the judgment is affirmed.

*Affirmed.*